UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: CHRISTINE A. WHITE, | : | Case No. 17-18273REF |
| Debtor | : | Chapter 7 |

---

| | | |
|---|---|---|
| LYNN E. FELDMAN, | : | |
| Chapter 7 Trustee, | : | |
| Plaintiff | : | |
| v. | : | Adv. No. 18-0131 |
| PEOPLE FIRST FEDERAL | : | |
| CREDIT UNION, | : | |
| Defendant | : | |

# REVISED[1] STATEMENT IN SUPPORT OF ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The issue I must decide in this adversary proceeding is whether Debtor's pre-petition hardship withdrawal from her 401(k) account caused the withdrawn funds to lose their protected status as exempt under 11 U.S.C. §541(c)(2). Were the withdrawn funds _not_ part of the bankruptcy estate and therefore not subject to the claims of the chapter 7 Trustee? Or were the withdrawn

---

[1] Revised solely to correct the docket number of the main case and to correct the spelling of Defendant People First Federal Credit Union.

1

funds part of the bankruptcy estate and therefore subject to the claims of the chapter 7 Trustee? This is a core proceeding and the parties have agreed that I have jurisdiction and the power to adjudicate this dispute.

Both Plaintiff, the chapter 7 Trustee (the "Trustee"), and Defendant, People First Federal Credit Union ("People"), have filed motions for summary judgment. I find and conclude that when Debtor withdrew the funds from Debtor's 401(k) account before filing her bankruptcy, the funds ceased being part of the 401(k) fund. At that time, they became property of Debtor, and hence, property of the estate when Debtor filed her bankruptcy petition.

Debtor's withdrawal of the funds was a hardship withdrawal intended for payment to People to stop People's foreclosure on her residence. Debtor gave the proceeds check to her attorney and instructed him to pay the funds to People. Neither Debtor's intention to pay the funds to People nor the Trustee's failure to object Debtor's claim of an exemption in her 401(k) account change my decision that the funds were property of the estate. For these reasons, I will grant the Trustee's motion for summary judgment and deny People's cross-motion.

# II. UNDISPUTED FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. Well before Debtor's bankruptcy filing, Debtor and her husband were in arrears on the mortgage held by People on their home and People had commenced foreclosure proceedings. To stop the foreclosure, Debtor decided to take a hardship withdrawal from her 401(k) account at Prudential and use the funds to satisfy People's mortgage. Sometime before November 13, 2017, Debtor requested a hardship withdrawal from her Prudential 401(k) account. Prudential approved the request and sent Debtor a check in the amount of $45,965. This check was issued, dated, and mailed to Debtor on December 5, 2017. The check was delivered to Debtor's residence at 2:33 p.m. on December 7, 2017. Debtor filed her chapter 7 bankruptcy petition at 2:58 p.m. on December 7, 2017. Debtor endorsed the check and gave it to her attorney with instructions to pay the proceeds of the check to People. Debtor's attorney deposited the check into his IOLTA checking account on December 11, 2017. Debtor's attorney paid the funds ($45,965) to People on December 14, 2017.

The Trustee filed the complaint initiating this adversary proceeding on June 6, 2018, seeking to avoid the transfer of the $45,965 to People as an unauthorized post-petition transfer of property of the estate under 11 U.S.C.

§549(a). People filed a motion to dismiss the complaint on June 25, 2018 and I directed the parties to file briefs. I denied the motion to dismiss on September 18, 2018, and People filed its answer to the complaint. The Trustee filed her motion for summary judgment on February 7, 2019, People filed its cross-motion on February 8, 2019, and the parties filed post-motion briefs. The last brief was filed on March 25, 2019, and the matter is now ready for disposition.

## III. DISCUSSION

A moving party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7056. A material fact is "[a] fact . . . that might affect the outcome of the suit under the governing law." Seamans v. Temple Univ., 744 F.3d 853, 859 (3d Cir. 2014) quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All facts are viewed in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). In this case, both parties moved for summary judgment, thereby establishing their agreement that no material fact is in dispute.

Section 549(a) of the Bankruptcy Code provides that "the trustee may avoid a transfer of property of the estate – (1) that occurs after the commencement of the case; and (2) that is not authorized under this title or by the court."[2] 11 U.S.C. §549(a).[3]

The first question is whether a genuine issue of material fact exists regarding whether the funds in issue were property of the estate at the time Debtor filed her bankruptcy petition. The parties do not agree that the funds in issue were property of the estate, but neither party argues that this question presents a question of fact. To the contrary, it is clearly a question of law.

The Trustee argues that Debtor's pre-petition withdrawal of the funds took them out of the 401(k) account and made them property of Debtor and then property of the estate when Debtor filed her chapter 7 petition. The Trustee relies on Marchand v. Whittick (In re Whittick), 547 B.R. 628 (Bankr. D.N.J. 2016), which is a case very similar to the one before me, to support her position.

People argues that I should apply the earmarking doctrine to conclude that the withdrawn funds never became property of the estate because Debtor earmarked the funds for payment to People to settle the state court foreclosure

---

[2] People does not argue that the transfer was authorized by Title 11 or by the Court. This defense is therefore not in dispute

[3] Section 549(b) and (c) constitute two exceptions to the general rule, neither of which apply to this case.

proceeding and specifically instructed her attorney to deliver the funds to People for that purpose. People relies on numerous cases that recognize the earmarking doctrine as a judicially created doctrine that exempts from avoidance under 11 U.S.C. §547 certain pre-petition transfers made by a debtor that otherwise meet all of the elements of a preference under section 547. See Adams v. Anderson (In re Superior Stamp & Coin Co.), 223 F.3d 1004, 1008-09 (9th Cir. 2000); McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enters., Ltd.), 859 F.2d 561, 565-66 (8th Cir. 1988); Scaffidi v. Smith (In re Fox Bay Ent'mt, Inc.), Adv. No. 00-2149, Case No. 99-22637, 2001 Bankr. LEXIS 2362 at *6-11 (Bankr. E.D. Wis. Feb. 15, 2001); Dubis v. Heritage Bank and Trust Co. (In re Kenosha Liquidation Corp.), 158 B.R. 774, 777-81 (Bankr. E.D. Wis. 1993); Maggio v. Mfrs. Hanover Trust Co. (In re Oliver's Stores, Inc.), 112 B.R. 671, 676-78 (Bankr. D.N.J. 1989).

The Trustee counters that the earmarking doctrine applies only to preference actions under section 547 to avoid pre-petition transfers. Earmarking does not apply to an action under section 549 to avoid a post-petition transfer. See Aalfs v. Wirum (In re Straightline Invs., Inc.), 525 F.3d 870, 879 (9th Cir. 2008); Rouse v. GMAC/GMAC Mortg. Corp. (In re Garringer), Adv. No. 06-3021, Case No. 05-31397, 2006 WL 3519342, at *3 (Bankr. W.D. Mo. Dec. 5, 2006); Parks v. Gorges Motor Co. (In re Johnson), Adv. No. 04-5239, Case No. 03-16979, 2006 Bankr. LEXIS 690, at *13-14 (Bankr. D. Kan. April 24, 2006).

People failed to cite any case that applied the earmarking doctrine to exempt an unauthorized post-petition transfer from avoidance under section 549. My independent research, however, uncovered several cases that applied the earmarking doctrine in the context of section 549. See Musso v. Brooklyn Navy Yard Dev. Corp. (In re Westchester Tank Fabricators, Ltd.), 207 B.R. 391, 397-99 (Bankr. E.D.N.Y. 1997); Herzog v. Sunarhauserman (In re Network 90 Degrees, Inc.), 98 B.R. 821, 837 (Bankr. N.D. Ill. 1989), aff'd, 126 B.R. 990 (N.D. Ill. 1991); Boldt v. Alpha Beta Co. (In re Price Chopper Supermarkets, Inc.), 40 B.R. 816, 820 (Bankr. S.D. Cal. 1984).

I need not decide whether the earmarking doctrine should be applied in this section 549 action to avoid a post-petition transfer, however, because the facts and law before me do not qualify the transfer as an "earmarking."

"The earmarking doctrine is entirely a court-made interpretation of the statutory requirement that a voidable preference must involve a transfer of an interest of the debtor in property." Schubert v. Lucent Techs, Inc. (In re Winstar Commc'ns, Inc.), 554 F.3d 382, 400 (3d Cir. 2009), quoting Bohlen Enters., 859 F.2d at 565. "As a judicial exception to the general avoidance rules, earmarking is narrowly construed by courts." FBI Wind Down, Inc. v. All American Poly Corp. (In re FBI Wind Down, Inc.), 581 B.R. 116, 133 (Bankr. D. Del. 2018). It generally applies when "a third party makes a loan to a debtor specifically to

7

enable that debtor to satisfy the claim of a designated creditor." Id. In such a case, the loan proceeds are not considered property of the debtor under section 547(b) because they are deemed to have been "earmarked" for payment to the designated creditor. As the Third Circuit instructed:

> Under this [earmarking] doctrine, "[when] . . . funds are provided by [a] new creditor to or for the benefit of the debtor for the purpose of paying the obligation owed to [an existing] creditor , the funds are said to be 'earmarked' and the payment is held not to be a voidable preference.

Winstar Commc'ns, 554 3d at 400.

To establish that a transfer is exempt from the Trustee's avoiding power under the earmarking doctrine, the following three elements must all be established:

> The following are requirements for the earmarking doctrine: "(1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt, (2) performance of that agreement according to its terms, and (3) the transaction viewed as a whole . . . does not result in any diminution of the [debtor's] estate."

Id., quoting Bohlen Enters., 859 F.2d at 565-566; see also FBI Wind Down, 581 B.R. at 133.

The Trustee has the burden of proving that the transfer is avoidable under section 549(a). When the Trustee has proven that the property that is the

subject of the avoidance action was property of the estate, the burden shifts to People to prove that the funds in question satisfy the three elements of the earmarking doctrine. Winstar Commc'ns, 554 F.3d at 400-01.

The Trustee has met her burden of proving that the funds in question were property of the estate by establishing that the funds were withdrawn from Debtor's 401(k) account before the bankruptcy was filed. When the funds were withdrawn, they ceased being part of the 401(k) fund and became property of Debtor. The funds were therefore property of the estate when Debtor filed her bankruptcy petition. The burden then shifted to People to establish the elements of the earmarking doctrine.

The first element of the earmarking doctrine cannot be met because no new lender exists. The source of the funds in question was not a new lender with whom some agreement existed. Instead, the funds in question came from the Debtor's own 401(k) account. Prudential honored Debtor's request to release funds from the 401(k). Because no new lender existed, the earmarking doctrine is inapplicable to the facts of this case. My decision is consistent with the well accepted rule that earmarking must be narrowly construed. FBI Wind Down, 581 B.R. at 133.

Finally, People argues that the funds at issue are exempt under 11 U.S.C. §522(d)(12) because the Trustee failed to object to Debtor's claim of an exemption in her 401(k) account.

Debtor amended her Schedule C on February 21, 2018 to exempt, under section 522(d)(12), funds in her 401(k) retirement account with Prudential valued at $63,024.17. At the time Debtor filed her bankruptcy petition and at the time she filed her Amended Schedule C, however, Debtor's 401(k) account did not have a value of $63, 042.17. Debtor had withdrawn $45,965 before filing her bankruptcy petition. Because the Trustee did not object to Debtor's exemption of the 401(k) account, People argues that the exemption must stand under Taylor v. Freeland & Kronz, 503 U.S. 638, 639 (1992), and that the withdrawn funds are exempt and not property of the estate. I disagree.

Section 522(d)(12) provides that a debtor may exempt her right to "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401 . . . of the Internal Revenue Code of 1986." The Trustee never objected to the allowability of Debtor's exemption of funds that existed in Debtor's 401(k) account. That exemption therefore stands. This does not mean, however, that the withdrawn funds were exempt and not property of the estate. As aptly stated by the court in Walsh v. Kelin (In re Kelin), 341 B.R. 521, 525-26 (Bankr. W.D. Pa. 2006):

Section 522(l) of the Bankruptcy Code provides in part as follows:

> The debtor shall file a list of property that the debtor claims as exempt.... Unless a party in interest objects, the property claimed as exempt on such list is exempt. 11 U.S.C. §522(l).

A bankruptcy estate is created at the time of the commencement of the bankruptcy case. 11 U.S.C. §541(a). With certain exceptions not relevant here, the bankruptcy estate generally is comprised of all legal and equitable interests of the debtor in property at that moment. 11 U.S.C. §541(a)(1). When a claimed exemption is allowed, the property is withdrawn from the bankruptcy estate and becomes unavailable for liquidation and distribution to debtor's creditors. Owen v. Owen, 500 U.S. 305, 308 (1991).

Nothing in §522(l), however, indicates or suggests that property listed as exempt *ipso facto* becomes property "of the kind" claimed as exempt. Mercer v. Monzack, 53 F.3d 1, 3 (1st Cir.1995), cert. denied, 517 U.S. 1103, 116 S. Ct. 1317, 134 L. Ed. 2d 471 (1996).

The language of §522(l) supports this proposition. What a debtor may exempt is property in which the debtor has an interest. Assuming that such a property interest exists, the property becomes exempt "unless a party in interest objects". Even if no such interest in property exists, the exemption is allowed when no party in interest objects. Such an exemption, however, is "empty", as there is no property "of the kind" to which the exemption can attach.

This is what happened here. Because the Trustee did not object to Debtor's Amended Schedule C, which includes her 401(k) account, Debtor may exempt her interest in that account, whatever that interest might actually be. Debtor's declaration in her Amended Schedule C that the value of her 401(k)

account was $63,024.17 does not make it so and does not magically restore back to the 401(k) account the funds that had been withdrawn from the 401(k) account pre-petition. Regardless whether the Trustee objected to the exemption, the withdrawn funds in question were not in Debtor's 401(k) account at the time Debtor filed her chapter 7 petition. Debtor's exemption of $63.024.17 that allegedly was in her 401(k) account is therefore "empty" to the extent that $63,024.17 did not exist in her 401(k) account when she filed her bankruptcy petition. Kelin, 341 B.R. at 526. The $45,965 that Debtor withdrew from her 401(k) account pre-petition is property of the estate.

### III. CONCLUSION

For all of the above reasons and discussion, I find that the $45,965 that Debtor withdrew from her 401(k) account pre-petition became property of her bankruptcy estate when Debtor filed her bankruptcy petition. I will therefore grant the Trustee's motion for summary judgment and deny People's cross-motion.

An appropriate Order follows.

BY THE COURT

Date: May 8, 2019

_____
RICHARD E. FEHLING
Chief United States Bankruptcy Judge