# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| **Christine A. White** | : | |
| Debtor | : | Case No. 17-18273 (JKF) |
| _____ | | |
| **Lynn E. Feldman, Trustee** | : | |
| Plaintiff | : | |
| v. | : | |
| **People First Federal Credit Union** | : | |
| Defendant | : | Adv. No. 18-131 (JKF) |
| _____ | | |

# MEMORANDUM OPINION

Before the Court is the Motion of People First Federal Credit Union for reconsideration of the Court's entry of summary judgment against it. The Plaintiff Trustee has filed a Response opposing the request. For the reasons set forth below, the Motion will be denied.

*Background*

On June 6, 2018 the Trustee filed suit to avoid and recover an unauthorized post-petition transfer. After the Defendant filed an answer to the complaint, both parties moved for summary judgment. On May 8, 2019 the Court granted the Trustee's motion entering judgment in her favor. *See* Revised Statement in Support Order Granting Plaintiff's Motion for Summary Judgement. Twelve days later, the Defendant filed what it titled as a Motion for Relief from Judgment or Order and Reconsideration Pursuant to

1

N.B.R. [*sic*] 9024 and 8002. While the title of the motion itself references three different rules of procedure,[1] the Court concludes that reconsideration is sought. In its motion, People First sets forth a list of 9 errors made by the Court in ruling against it. *See* Mot. at 2. The brief distills these down to two general instances where the Court "misinterpreted and misapplied the law." Def.'s Mem. at 1. In sum, the Defendant asks the Court to take another look at its decision.

*Reconsideration*

"A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) made applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023." *In re Norley,* 2002 WL 1752280, at *1 (Bankr.E.D.Pa. June 24, 2002). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *In re Wile,* 310 B.R. 514, 516 (Bankr.E.D.Pa. 2004) *citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 LEd.2d 982 (1986). "[A] Rule 59(e) motion allow[s] the court to reevaluate the basis of its decision.... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented." *Keyes v. National Railroad Passenger Corporation,* 766 F.Supp. 277, 280 (E.D.Pa.1991); *see also Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part on other grounds,* 57 F.3d 270 (3rd Cir. 1995). "[W]hatever may be the purpose of Rule 59(e) it ... [was not] ...

---

[1] It begins as a Motion for Relief under B.R. 9024, which is the rule for requesting relief from judgment under F.R.C.P. 60. But the title also requests reconsideration, a form of relief provided by B.R. 9023. Finally, it states that the motion is brought under B.R. 8002 which is the bankruptcy rule of procedure applicable to the timing of appeals.

intended to give the unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977). "Federal courts should grant such motions sparingly because of their strong interest in finality of judgment." *Selaras v. M/V Cartagena de Indias,* 959 F.Supp. 270, 272 (E.D.Pa.1997) *quoting Continental Cas. Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995).

*Cause of Action and Ruling*

To recap, the Trustee filed suit to avoid and recover an unauthorized post-petition transfer of property of the estate. *See* 11 U.S.C. § 549(a)(2)(B) (empowering trustee "to avoid a transfer of property of the estate—that is not authorized under this title or by the court.") The elements of an unauthorized post-petition transfer are "1) after commencement of the bankruptcy case in question, 2) property of the estate 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code." *In re Nat'l Pool Const., Inc.,* No. 09-34394, 2013 WL 878582, at *2 (Bankr.D.N.J. Mar. 8, 2013). The Trustee has the burden of proving the first three of the elements while the transferee has the burden of proving the legitimacy of the transfer. *See* B.R. 6001 (placing burden of proving validity of transfer upon transferee); *In re Bill,* 529 B.R. 779, 784 (Bankr. D. Idaho 2015) ("Under § 549(a), while the trustee bears the burden of proving that a postpetition transfer of estate property occurred, the burden of proof as to the validity of that transfer is on the entity claiming the transfer was valid.") *citing Rainsdon v. Davisco Foods Int'l, Inc (In re Azevedo),* 497 B.R. 590, 595 (Bankr.D.Idaho 2013) (citing 10 *Collier on Bankruptcy* ¶ 6001.01[2] (Alan Resnick & Henry J. Sommer eds. 16th ed.)).

*Basis of the Judgment*

In ruling in the Trustee's favor, the Court found that prior to bankruptcy, the Debtor withdrew funds from her 401(k) account to cure mortgage arrears; that the result of that withdrawal was to make what were otherwise exempt funds into property of the Debtor's bankruptcy estate; that after filing bankruptcy, she transferred those funds to the Defendant; and that the record contained no evidence indicating either that the transfer was valid or that the funds retained their exempt status. Rev. Stmt. at 2.

*Basis for Reconsideration*

The motion maintains that the court's entry of summary judgment against it constitutes error because it failed to consider the following:

a. At the time that Debtor has possession of the check issued by her 401(k) Plan, the check had not been negotiated, could have been torn up or returned to Prudential, and was, in effect, as with every check, a debt payable to Debtor in an amount certain;

b. That Prudential debt to Debtor was not property of the Estate of the debtor;

c. That Prudential debt to Debtor came with restrictions upon its use which Debtor was bound to obey or suffer default and violation of her 401(k) Plan and possible violation IRS regulations;

d. Debtor had the agreement with her Plan to use funds in a certain way (a 'restriction on transfer') which she honored;

e. Debtor believed she had no choice but to honor those 401(k) Plan restrictions;

f. The identity of the party advancing the funds in an earmarking case is not the important point; rather it is the restriction on the use of funds which creates the 'earmarking' of the funds, that is, it does not matter if it is a 'new creditor', or any other party (friend, relative, principal of debtor) who advances funds;

g. When funds are 'earmarked', they are not considered property of the estate.

4

h. The decision advanced form over substance in deciding the earmarking issue by determining and restricting the use of the defense/doctrine to 'lenders', when it could and should be applied with respect to any person or entity advancing funds.

i. The Judge missed and did not apply the overarching principal [sic] of earmarking and of bankruptcy clawback statutes, that is, was there any diminution of the estate of the debtor, which, in this case, there was not; rather there was a substantial net enhancement in the value of the estate by the increase in value of debtor's real property by reduction of the amount of the mortgage debt on the property.

Motion, 2-3 [sic]. In its brief, People distills these points down to two principal failings: first, that the Court wrongly rejected the Defendant's earmarking defense, and second that the Debtor lacked 'ownership' [sic] of the funds transferred to the Defendant on the petition date. *See* Def.'s Mem. at 1.

So as it turns out, People's request re-raises two arguments[2] which the Court already rejected: first, that the funds were "earmarked" and therefore not recoverable; and second, that the funds were not estate property because the Debtor did not own them on the petition date.

*Conclusion Regarding
Property of the Estate*

In questioning the Court's conclusion that the funds which were transferred were not property of her bankruptcy estate, the Defendant makes two points: first, that the check for the funds was not cashed on the petition date; and second, that the use of the funds was *restricted* to the curing of her mortgage arrears.

---

[2] The third argument, to wit, that the Trustee's failure to object to the claim of exemption of the 401(k) funds already withdrawn from the account before the petition was not raised for purposes of reconsideration.

5

As to the first point; to wit, that the check was not negotiated on the petition date, *see* Mot., at 4, ¶ a, that does not mean that the check was not estate property. A check is a negotiable instrument as defined in the Pennsylvania version of the UCC. *See* 13 P.S. §3104. A debtor's interest as the payee of a negotiable instrument is property of her bankruptcy estate. *See In re Williams*, 408 B.R. 709, 711 (Bankr.W.D.Tenn. 2009).

Likewise, unpersuasive is Defendant's characterization of the check in the next paragraph as "Prudential's debt to the Debtor." Mot. at 4, ¶ b. It is correct to state the nature of the relationship between a financial institution (here, Prudential) and its depositor (in this case, the Debtor) as a debtor-creditor relationship. *See Thomas v. First National Bank of Scranton*, 376 Pa. 181, 184, 101 A.2d 910, 911 (1954) (recognizing the nature of the relationship as such). But all that means is that the Debtor *qua* creditor has a claim against Prudential *qua* debtor and it is black-letter law that claims against third parties are property of the estate. *In re Black Davis & Shue Agency, Inc.*, 471 B.R. 381, 398 (Bankr.M.D.Pa 2012) *abrogated on other grounds*, 493 B.R. 460. The Debtor's right to return the check does not change that. On the petition date, the check became property of the estate and should have been turned over to the Trustee pursuant to 11 U.S.C. § 542(a) (requiring turnover of property of the estate to the trustee).

The Court turns to the check itself in addressing the second point; to wit, that the use of the funds was restricted. The record, however, contains no evidence of that. It is undisputed that the Debtor withdrew the funds from her 401(k) account based on a specified hardship; that such funds were delivered to her in the form of a check; that she endorsed that check over to her attorney who deposited it into his client trust account;

6

and that after she commenced her bankruptcy case her attorney paid that money to People per her instructions. *See* Rev. Stmt. at 3. Nowhere in the record is there evidence indicating that the funds were payable to anyone but the Debtor. She may have intended to use them strictly to pay the Defendant, but that is beside the point. *See In re Indian Capitol Distrib., Inc.*, No. 09-11558-S7, 2011 WL 4711895, at *11 (Bankr. D.N.M. Oct. 5, 2011) (observing that sections 549(a) and 550(a) by their terms contain no reference to, let alone an actual defense based on, the transferee's status (vendor, purchaser, etc.) or upon its state of mind (innocent, culpable, etc.)) What matters is that the withdrawal converted exempt property to non-exempt property which became property of her bankruptcy estate when she commenced her case. For that reason, the Court's ruling that the funds were property of the Debtor's estate when she transferred them will not be changed.

*Earmarking*

And it is this notion that the withdrawn funds were restricted that animates the Defendant's request that the Court reconsider its rejection of the earmarking defense. To reiterate, the elements of earmarking are as follows: "(1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt, (2) performance of that agreement according to its terms, and (3) the transaction viewed as a whole ... does not result in any diminution of the [debtor's] estate." *Shubert, Trustee v. Lucent Technologies, Inc. (Winstar Communications, Inc.)* 554 F.3d 382, 400 (3d Cir. 2009). That defense "applies when 'a third party makes a loan to enable that debtor to satisfy the claim of a designated creditor.'" Rev. Stmt. at 7-8 citing *FBI Wind Down, Inc. v. All American Ply Corp., (In re*

7

Case 18-00131-jkf    Doc 66    Filed 08/07/19    Entered 08/07/19 10:45:07    Desc Main
Document    Page 8 of 9

*FBI Wind Down, Inc.)*, 581 B.R. 116, 133 (Bankr.D.Del. 2018). Again, the Defendant, as transferee, has the burden of proof on the validity of the transfer. B.R. 6001. The Court concluded that the earmarking defense failed because the transaction did not involve a new lender: the funds came from the Debtor's account at Prudential. Rev. Stmt. at 9.

Notwithstanding, Defendant maintains that the absence of a new creditor or lender is not what matters. The emphasis, it argues, should be on the effect of the transfer on the estate. Def.'s Mem. at 3. A transaction such as this one, its argument goes on, would not reduce the estate's value because the payment to the mortgagee served to enhance the value of the home and thereby the estate. *Id.* at 6.

Even assuming, *arguendo*, that this is true as a factual matter,[3] a trustee is not required to prove that the transfer diminished the estate in order to avoid a post-petition transfer. *See Aalfs v. Wirum (In re Straightline Inv., Inc.)*, 525 F.3d 870, 878-79 (9th Cir. 2008); *Litzler v. Chamblee & Ryan P.C., (In re TIC United Corp.)*, 2008 WL 2437868, at *8 (Bankr.N.D.Tex., June 7, 2008). A leading commentator explains that "[t]he purpose of section 549 is to allow the trustee to avoid specified postpetition transfers, *whether or not they deplete the estate.*" 5 *Collier on Bankruptcy* ¶ 549.02 (16th ed) [emphasis added] So what matters is not what effect the transfer had on the estate, but whether the Debtor transferred property that did not belong to her *and without the right to do so*: It is undisputed that the Defendant did not argue that the transfer was authorized either under Title 11 or by the court. *See* Rev. Stmt. at 5 n. 2. What the record established then was that the Debtor made an unauthorized post-petition transfer of property of her bankruptcy estate to the Defendant in violation of § 549(a)(2)(B). *See National City*

---

[3] The record contains no evidence as to the valuation of the Debtor's home. For that reason, the Court cannot confirm that the payment did not adversely affect that value of the estate.

*Mortgage Co. v. Wiese (In re Wiese)*, 337 B.R. 206, 209 (Bankr.N.D.Iowa 2005) (holding that Chapter 7 debtor's post-petition payment to mortgage company had to be turned over to the trustee for benefit of the estate).

*Summary*

After reviewing the May 8, 2019 Order granting summary judgment and considering the Defendant's arguments in support of reconsidering that ruling, the Court finds no basis upon which to do so. Accordingly, the motion for reconsideration will be denied.

An appropriate order follows.

BY THE COURT

Dated: August 7, 2019

Jean K. FitzSimon
United States Bankruptcy Judge